IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jamal Williams,** <br> 46007 Gooseneck Drive <br> Lexington Park, MD 20653 <br><br> *Plaintiff*, <br><br> v. <br><br> **PAM BONDI,** <br> in her official capacity as the <br> United States Attorney General <br> **UNITED STATES DEPARTMENT** <br> **OF JUSTICE** <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001 <br><br> *Defendant*. | Case No. 1:25-cv-03124 <br><br> **Jury Trial Demand** |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE,**
**AND MONETARY RELIEF**

Comes now Plaintiff Jamal D. Williams (hereinafter "Plaintiff" or "Mr. Williams"), by and through undersigned counsel, respectfully states the following for his Complaint against the above-named Defendant.

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, seeking to enforce the final and binding decision of the Equal Employment Opportunity Commission ("EEOC") and to remedy Defendant's continuing failure to reinstate Plaintiff, pay full back pay and benefits, issue a Final Agency Decision, and comply with remedial orders issued in EEOC Case No. 570-2017-01489X and OFO Appeal No. 2022004398.

Despite findings of discrimination, retaliation, and hostile work environment by the EEOC and the Office of Federal Operations (OFO), and a final order requiring reinstatement and make-whole relief, the U.S. Department of Justice, through the FBI, has refused to comply with the EEOC's rulings, violating federal law and perpetuating retaliation and harm to Mr. Williams.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e–5(f)(3).

2. Venue is proper in this Court under 42 U.S.C. § 2000e–5(f)(3), because the events giving rise to the claims occurred in Washington, D.C., and the Defendant's headquarters is in this judicial district.

## PARTIES

3. Plaintiff Jamal Williams is an African American man and a resident of Maryland. He was employed by the FBI as a GS-12 Intelligence Analyst until his unlawful termination on April 4, 2017.

4. Defendant Pam Bondi is the Attorney General of the United States and the head of the U.S. Department of Justice. The Federal Bureau of Investigations (FBI) is an agency within the Department of Justice. Defendant Bondi is sued in her official capacity.

5. The U.S. Department of Justice ("DOJ") is an executive department of the United States Government and the parent agency of the Federal Bureau of Investigation.

6. The Federal Bureau of Investigation ("FBI") is a component of the DOJ and Plaintiff's former employer. Both the DOJ and FBI are subject to Title VII as employers of federal personnel.

## FACTS

7. Plaintiff Jamal D. Williams is an African American man formerly employed as a GS-12 Intelligence Analyst at the Federal Bureau of Investigation (FBI) Headquarters in Washington, D.C., a component of the U.S. Department of Justice (DOJ). Plaintiff Williams began employment at the FBI in 2008 as a GS-9 Intelligence Analyst and was promoted annually until he

2

reached the GS-12 level in 2014.  Throughout his employment until 2016, Plaintiff Williams received good performance reviews and contributed the maximum contributions to his TSP retirement account.  In 2016, he began to experience discrimination and retaliation by his supervisors and senior managers and the Agency would not intervene to address the discrimination and retaliation, and in February 2017, fearing that he would be terminated, Plaintiff Williams reduced his retirement contribution to $1 each pay period.

8. On April 6, 2017, Plaintiff was wrongfully removed from his position following his complaints of discrimination and harassment, and after being placed on a Performance Improvement Plan (PIP). His removal was later determined by an Administrative Judge at the EEOC and the Agency to have been unlawfully motivated by race, sex, and prior EEO activity.

9. Plaintiff timely initiated an EEO complaint at the Agency and later requested a hearing with the Equal Employment Opportunity Commission (EEOC).  He alleged unlawful discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964.

10. Following years of administrative litigation, including a multi-day hearing, on July 11, 2022, an EEOC Administrative Judge ("AJ") issued a decision finding that the FBI discriminated and retaliated against Plaintiff and subjected him to a hostile work environment.

11. The AJ found that the FBI's actions—including the placement of Plaintiff on a PIP, the proposal to remove him, and his ultimate termination—were motivated by unlawful discrimination and retaliation. The AJ concluded that Plaintiff was entitled to full relief under Title VII.

12. The AJ ordered the FBI to: (a) reinstate Plaintiff to his former or a substantially equivalent position at FBI Headquarters, retroactive to April 4, 2017; In the event the order to reinstate Complainant is appealed, the Agency shall provide Complainant with interim relief pursuant to 29 C.F.R. § 1614.505 et seq. and substitute prospective pay in lieu of reinstatement if the Agency declines to reinstate Complainant; (b)

3

calculate and pay full back pay with interest and all other lost benefits, including Thrift Savings Plan (TSP) contributions, retirement contributions, and bonuses, in accordance with 29 C.F.R. § 1614.501 and 5 C.F.R. § 550.805; (c) issue the undisputed portion of any back pay within 30 days of finality; (d) reimburse $37,058.00 for TSP withdrawals Plaintiff was compelled to make; (e) expunge from Plaintiff's personnel file all references to the PIP, proposed removal, and removal decision, and substitute satisfactory performance documentation in their place; (f) restore any leave used as a result of the discrimination; (g) pay $125,000 in nonpecuniary compensatory damages; (h) pay attorney's fees totaling $150,212.70; (i) require 24 hours of EEO training for responsible officials (S1A through S3), conducted by an outside source; (j) consider disciplinary action against the officials involved; and (k) issue a Final Agency Decision (FAD) addressing compliance and post public notice of the EEOC's decision for 60 consecutive days.

13. On August 15, 2022, DOJ's Complaint Adjudication Office (CAO) issued a Final Agency Decision largely affirming the AJ's findings and remedies. The DOJ ordered the FBI to reimburse the $37,058.00 in TSP withdrawals, pay $125,000 in compensatory damages, and award $134,588.70 in attorney's fees—$15,623.99 less than the full amount ordered.

14. The Agency appealed only a portion of the attorney's fee award. On January 3, 2024, the EEOC's Office of Federal Operations (OFO) affirmed the AJ's full decision and ordered DOJ to implement all relief and submit a final compliance report within 60 days.

15. On April 2, 2024, the FBI submitted a compliance report via the EEOC FedSEP portal. The report confirmed that the FBI had not reinstated Plaintiff to any position, citing the denial of a Top Secret security clearance as justification. The FBI claimed Plaintiff was barred from entering FBI space due to that clearance denial.

16. The FBI unilaterally calculated back pay from April 4, 2017 through August 15, 2022 and issued Plaintiff a payment of $44,991.53, along with $13,129.38 in interest. The FBI also paid Plaintiff Williams $125,000 in damages and reimbursed him $37,058.00 in TSP withdrawals.

4

However, it reduced the attorney's fees by $15,623.99.

17. The Agency failed to consult Plaintiff in the calculation process, improperly deducted unemployment benefits and part-time earnings from Walmart, and failed to account for Plaintiff's eligibility for promotion to the GS-13 level.

18. The Agency also failed to include appropriate retirement contributions or interest, relying instead on Plaintiff's artificially reduced contributions made during his period of anticipated termination, rather than using historical averages.

19. The FBI failed to issue the required Final Agency Decision addressing its compliance, in direct violation of the EEOC's January 3, 2024 order.

20. On May 2, 2024, Plaintiff submitted a Petition for Enforcement to the EEOC, identifying the FBI's noncompliance and objecting to the agency's failure to reinstate him and make him whole. The Petition documented multiple errors and omissions in the FBI's implementation of relief.

21. On May 14, 2024, the EEOC's Compliance Officer acknowledged that the FBI had not issued the required FAD and stated that the Petition for Enforcement was premature. The EEOC directed the FBI to issue the FAD as soon as possible, so Plaintiff could file an OFO appeal if necessary.

22. On June 18, 2024, Compliance Officer Ashley Joseph emailed the FBI urging it to "do everything in [its] power" to issue the Final Agency Decision. In response, on July 11, 2024, the FBI submitted a letter stating that it did not possess the authority to issue a Final Agency Decision, claiming that only DOJ's Complaint Adjudication Office could do so.

23. The FBI further represented that the CAO had never issued a Final Agency Decision regarding compliance with ordered relief and did not believe it had the jurisdiction or

5

obligation to do so.

24. As a result of this impasse, neither the FBI nor the DOJ issued the required Final Agency Decision. Instead, the FBI asked that its April 2, 2024 compliance report be treated as its final position and requested that Plaintiff's objections be deemed a Petition for Enforcement.

25. On June 4, 2025, the EEOC OFO found that the Agency had not submitted documentation proving that it performed the required actions of: 1) back pay and front pay and Thrift Savings Plan; 2) disciplinary action taken against the supervisors and managers; and 3) failure to issue a final decision addressing compliance with the remedies ordered. Twenty-one days later, on June 25, 2025, the EEOC Office of Federal Operations (OFO) issued a Decision on Plaintiff's Petition for Enforcement denying the petition. The OFO Decision which denied the Petition for Enforcement was riddled with errors and lacked any substantive analysis. For example, the OFO identified Plaintiff's employer as the Bureau of Prisons when Plaintiff worked for the FBI. Plaintiff raised three issues where the Agency failed to comply with the Decision of the Administrative Judge, erroneous calculation of back pay and front pay and failure to offer reinstatement; TSP/401k contributions; and the failure to provide interim relief. As of the date of this Complaint, Plaintiff remains unreinstated, underpaid, and has not received full relief. The Agency's continued refusal to comply with the final EEOC orders constitutes an ongoing violation of Title VII and continuing retaliation for Plaintiff's prior protected EEO activity.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Failure to Comply with EEOC Final Order)

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), authorizes a

federal employee to file a civil action to enforce a final decision and order issued by the Equal Employment Opportunity Commission.

28. Plaintiff obtained a final decision and order from an EEOC Administrative Judge, as affirmed by the Office of Federal Operations, which found that the FBI discriminated and retaliated against Plaintiff in violation of Title VII and ordered full make-whole relief including reinstatement, back pay with interest, compensatory damages, attorney's fees, and issuance of a Final Agency Decision regarding compliance.

29. Defendant has failed to comply with the EEOC's final and binding orders by refusing to reinstate Plaintiff, failing to properly calculate and pay back pay and benefits, and failing to provide interim relief and issue the required Final Agency Decision.

30. Defendant's failure to implement the EEOC's remedial orders deprives Plaintiff of his statutory rights and undermines the remedial scheme of Title VII.

31. As a direct and proximate result of Defendant's violations, Plaintiff has suffered and continues to suffer harm, including loss of income and economic losses, reputational damage, emotional distress, and deprivation of employment benefits and opportunities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jamal Williams respectfully requests that this Court:

A. Declare that Defendant's refusal to comply with the final order of the Equal Employment Opportunity Commission violates Title VII of the Civil Rights Act of 1964;

B. Enter judgment in favor of Plaintiff and against Defendant for all relief previously awarded in EEOC Case No. 570-2017-01489X and OFO Appeal No. 2022004398, including but not limited to:

    i. Reinstatement to Plaintiff's former or substantially equivalent position with full seniority and benefits;

  ii.  Back pay from April 4, 2017 through the date of reinstatement, including missed promotions, step increases, bonuses, and interest;

  iii.  Reimbursement of improperly deducted unemployment and part-time earnings;

  iv.  Corrective retirement and Thrift Savings Plan (TSP) contributions and interest;

  v.  Expungement of adverse records and restoration of any leave used due to the discriminatory actions;

  C.  Order Defendant to issue the required Final Agency Decision on compliance, in accordance with 29 C.F.R. § 1614.504;

  D.  Issue a permanent injunction prohibiting Defendants from further retaliation against Plaintiff for engaging in protected activity;

  E.  Award Plaintiff all additional equitable and monetary relief deemed just and proper, including pre-judgment and post-judgment interest;

  F.  Award Plaintiff reasonable attorneys' fees, expert witness fees, and costs of this action as provided by law; and

  G.  Grant such other and further relief as the Court deems just and proper.

  H.  In the event the order to reinstate Complainant is appealed, the Agency shall provide Complainant with interim relief pursuant to 29 C.F.R.§ 1614.505 et. seq. and substitute prospective pay in lieu of reinstatement if the Agency declines to reinstate Complainant.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims against Defendant.

Date: 9/11/25                 Respectfully submitted,

                      /s/ David A. Branch
                    David A. Branch, D.C. Bar No. 438754
                    Law Office of David A. Branch & Associates, PLLC
                    1120 Connecticut Avenue, NW #500
                    Washington, DC 20036

Phone: (202) 785-2805
Fax: (202) 785-0289
Email: davidbranch@dbranchlaw.com