UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMAL WILLIAMS**,<br><br>*Plaintiff*,<br><br>v.<br><br>**TODD BLANCHE**, in his official capacity as Attorney General of the United States,<br><br>*Defendant*. | Civ. No. 25-cv-3124 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Jamal Williams prevailed before the Equal Employment Opportunity Commission ("EEOC") on claims that his former employer, the Federal Bureau of Investigation ("FBI"), discriminated against him based on race and sex and retaliated against him for his prior complaints of discrimination. *See* Am. Compl. ¶¶ 8–11, ECF No. 5. He now sues to enforce the EEOC's order. *Id.* ¶¶ 27–29. Defendant, Attorney General Todd Blanche, who is automatically substituted for Pamela J. Bondi under Federal Rule of Civil Procedure 25(d), moves to dismiss. *See* Def.'s Mot. to Dismiss ("MTD"), ECF No. 15. For the following reasons, the court will GRANT the motion and dismiss the Amended Complaint without prejudice.

## I. BACKGROUND

The FBI hired Williams, a Black man, in 2008 as a GS-9 Intelligence Analyst, and he was promoted to GS-12 in 2014. Am. Compl. ¶ 7. The FBI placed him on a Performance Improvement Plan ("PIP") and removed him from his position in April 2017. *Id.* ¶ 8. Williams filed an Equal Employment Opportunity complaint with the agency,

alleging discrimination, harassment, and retaliation in violation of Title VII, and requested a hearing before an EEOC Administrative Judge ("AJ"). *Id.* ¶ 9.

On July 11, 2022, after a multi-day hearing, the AJ determined that the FBI discriminated and retaliated against Williams and subjected him to a hostile work environment. *Id.* ¶ 10. The AJ held that the PIP and the removal were unlawfully motivated. *Id.* ¶ 11. Thus, the AJ ordered reinstatement retroactive to April 4, 2017, or interim relief and "substitute prospective pay in lieu of reinstatement" if the agency declined to reinstate him. *Id.* ¶ 12.

On August 15, 2022, the Department of Justice's Complaint Adjudication Office issued a final agency decision largely adopting the AJ's findings and remedies, though it awarded $15,623.99 less in attorney's fees. *Id.* ¶ 13. The agency appealed only a portion of the fee award. *Id.* ¶ 14. On January 3, 2024, the EEOC's Office of Federal Operations ("OFO") affirmed the AJ's decision in full and ordered the agency to implement the relief and submit a compliance report within 60 days. *Id.*

On April 2, 2024, the FBI submitted its compliance report. *Id.* ¶ 15. The FBI did not reinstate Williams, citing the denial of a Top Secret security clearance that it said barred him from entering FBI space. *Id.* The FBI paid back pay for April 4, 2017 through August 15, 2022, with interest, and paid compensatory damages and retirement reimbursement. *Id.* ¶ 16. Williams alleges that the FBI calculated back pay without consulting him, wrongly deducted unemployment benefits and part-time earnings, ignored his eligibility for promotion to GS-13, understated retirement contributions, and never issued a final agency decision addressing compliance. *Id.* ¶¶ 17–19.

On those grounds, Williams petitioned the OFO for enforcement on May 2, 2024. *Id.* ¶ 20. On June 25, 2025, the OFO denied the petition, concluding that "although the Agency's implementation may not have been perfect, it has been adequate or acceptable enough to constitute satisfactory compliance," such that the OFO "will not undertake further efforts to obtain compliance." MTD at 3 (quoting *Christopher E. v. Bondi*, 2025 EEOPUB LEXIS 1174, at *1 (June 25, 2025)); *see also* Am. Compl. ¶ 25. Williams alleges that the decision "was riddled with errors and lacked any substantive analysis," noting that it misidentified his employer as the Bureau of Prisons. Am. Compl. ¶ 25.

Williams filed this action less than three months later. *See* Compl., ECF No. 1. His Amended Complaint asserts a single count, "Violation of Title VII of the Civil Rights Act of 1964 (Failure to Comply with EEOC Final Order)." Am. Compl. at 6. He seeks a declaration that Defendant's refusal to comply with the EEOC's order violates Title VII, judgment "for all relief previously awarded," and an order requiring a final agency decision on compliance. *Id.* at 7–8. Defendant moved to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that Williams seeks to enforce the EEOC's order, even though the OFO denied his petition for enforcement. *See generally* MTD.

## II. LEGAL STANDARDS

In evaluating a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). But the court "need not accept factual inferences drawn by plaintiffs if those

inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).

Conversely, a motion to dismiss under Rule 12(b)(6) for failure to state a claim "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the factual content allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's factual allegations need not be "detailed," but "the Federal Rules demand more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *McNair v. District of Columbia*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

Defendant moves to dismiss, arguing that Williams "ignores" the OFO's ruling on his petition for enforcement. MTD at 5–7. Although Defendant invokes Rule 12(b)(1), the requirements Defendant identifies are not jurisdictional. *Cf. Fort Bend Cnty. v. Davis*, 587 U.S. 541, 548–51 (2019) (holding that Title VII's charge-filing requirement is a non-jurisdictional claim-processing rule); *Johnson v. Brennan*, 144 F. Supp. 3d 121, 130 (D.D.C. 2015) (noting that exhaustion and timeliness defenses in federal-sector Title VII cases are not jurisdictional). The court therefore resolves the motion under Rule 12(b)(6).

**A. This court cannot compel enforcement of the EEOC's remedial order because Williams has not pleaded a basis for setting aside the OFO's finding that the FBI complied with it.**

**1. Judicial Review of Title VII's Administrative Process**

Title VII of the Civil Rights Act of 1964, as amended, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin against much of the federal workforce. *See* 42 U.S.C. §§ 2000e-16(a); 2000e-2(a). Covered federal employees, like Williams, must first seek administrative adjudication of any claim of discrimination prohibited by Title VII before filing suit in federal court. *See generally* 42 U.S.C. §§ 2000e-16; 2000e-5. The employee files a complaint with the employing agency, which investigates and, on request, refers the case to an AJ for a hearing. *See* 29 C.F.R. §§ 1614.106, 1614.108, 1614.109. Complainants dissatisfied with an employing agency's final action, whether or not issued after an AJ decision, have two options: they may either file suit or appeal to the EEOC. *See id.* § 1614.110. If a complainant takes the latter course, the OFO reviews the record, supplements it if necessary, and then issues a written decision. *Id.* §§ 1614.404–05. Like the employing agency's final action, the OFO's decision amounts to a final disposition, triggering the right to sue. *Id.* § 1614.405(a), (c).

A complainant who opts to sue can proceed in one of two ways. *See Scott v. Johanns*, 409 F.3d 466, 469 (D.C. Cir. 2005). First, a plaintiff who prevailed administratively may sue to enforce the final administrative disposition. *Id.* In that kind of action, "the court reviews neither the discrimination finding nor the remedy imposed, examining instead only whether the employing agency has complied with the administrative disposition." *Id.* Second, a plaintiff "aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint," may file a Title

VII action. *Id.* (quoting 42 U.S.C. § 2000e-16(c)). In that case, the court considers the discrimination claim de novo. *Id.*; *see Chandler v. Roudebush*, 425 U.S. 840, 863–64 (1976).

The two paths cannot be combined: A district court cannot "review a final administrative disposition's remedial award without reviewing the disposition's underlying finding of liability." *Scott*, 409 F.3d at 469. "Cases clearly distinguish between" the two courses of action: "designation of a suit as an 'enforcement' action dictates compliance with one set of procedural hurdles, whereas a designation as a suit challenging a final agency action results in a different path to the federal courts." *Menoken v. Blair*, 2005 WL 3273091, at *4 (D.D.C. Sept. 27, 2005).

**2. Williams Brings an Enforcement Action**

Williams's Amended Complaint pleads a single cause of action: "Violation of Title VII of the Civil Rights Act of 1964 (Failure to Comply with EEOC Final Order)." Am. Compl. at 6. It states that Title VII authorizes a "federal employee to file a civil action to *enforce* a final decision and order." *Id.* ¶ 27 (emphasis added). It also alleges that "Defendant has failed to comply with the EEOC's final and binding orders by refusing to reinstate Plaintiff, failing to properly calculate and pay back pay and benefits, and failing to provide interim relief and issue the required Final Agency Decision." *Id.* ¶ 29.

Defendant argues that Williams seeks "only to enforce the EEOC's" order. MTD at 5. Indeed, Williams's Amended Complaint does not seek to go beyond the boundaries of the AJ's order; it expressly requests judgment entered "for all relief previously awarded in EEOC Case No. 570-2017-01489X and OFO Appeal No. 2022004398." Am.

Compl. at 7; *cf. Menoken*, 2005 WL 3273091, at *4 ("Because [the] complaint goes well beyond the boundaries of [the AJ's] order, the court construes [the] complaint as a civil action pursuant to 42 U.S.C. § 2000e–16(c), not an enforcement action.").

Williams responds that Defendant's reading of the Amended Complaint is "too narrow," Opp'n at 2, and that this case is more than "a narrow suit to enforce an administrative order," *id.* at 1. He points to his Amended Complaint's allegations that "Defendant continues to deny Plaintiff relief required after a final finding of unlawful discrimination and retaliation" and that he "remains unreinstated, underpaid, and has not received full relief." *Id.* at 2–3. These allegations, Williams argues, "concern concrete failures to implement ordered relief, not mere dissatisfaction with the size of the remedy." *Id.* at 3. But a claim that an agency failed to implement the relief it was ordered to provide is the very definition of an enforcement action. *See Scott*, 409 F.3d at 469. In insisting that his suit is something more, Williams does not make clear what that something is. *See* Opp'n at 2–3.

In any given post-administrative action, a plaintiff must choose one of the two paths in order to make clear what the court is to review. In an enforcement action, the court takes the administrative disposition as given. *See Scott*, 409 F.3d at 469. A de novo action, by contrast, calls for "a fresh, independent determination of 'the matter' at stake; the court's inquiry is not limited to or constricted by the administrative record, nor is any deference due the agency's conclusion." *Contreras v. Ridge*, 305 F. Supp. 2d 126, 131 (D.D.C. 2004) (quoting *Doe v. United States*, 821 F.2d 694, 697–98 (D.C. Cir. 1987)). In a Title VII case, the matter at stake includes liability. *Scott*, 409 F.3d at 469–70. Yet Williams "is not asking this Court to revisit liability while keeping only favorable

aspects of the administrative ruling," but argues only "that Defendant failed to implement the relief that was ordered and failed to complete the required compliance process." Opp'n at 5. Williams thus disclaims that his suit is merely an enforcement action, *see id.* at 1–2, while also disclaiming any request that the court revisit liability, *see id.* at 5. That leaves his claim, as he frames it, with no path forward. *Scott* recognizes only two paths: an enforcement action, in which the court asks "only whether the employing agency has complied with the administrative disposition," or a de novo action. 409 F.3d at 469. Williams has disavowed both.

To be sure, a plaintiff need not submit to "*de novo* review when he seeks *only* judicial enforcement of the relief prescribed in a final agency decision." *Malcolm v. Reno*, 129 F. Supp. 2d 1, 6 (D.D.C. 2000) (emphasis added); *see also Bell v. Gonzales*, 2005 WL 3555490, at *3 n.4 (D.D.C. Dec. 23, 2005) ("[W]here employees seek *solely* to enforce a favorable final agency decision and the relief awarded to them, courts have authority to enforce such final decisions without engaging in a trial de novo.") (emphasis added). Williams, however, expressly disclaims that he seeks only enforcement. Opp'n at 1. He also does not claim that the OFO's decision was contrary to law, seek review of it under the Administrative Procedure Act ("APA"), *cf. Farrington v. Nielsen*, 297 F. Supp. 3d 52, 63–64 (D.D.C. 2018), or contend that the OFO exceeded its authority to clarify a prior decision under 29 C.F.R. § 1614.503(c), *see Mitskog v. Garland*, 2024 WL 1328436, at *4 n.3 (D.D.C. Mar. 28, 2024). His allegation that the decision was "riddled with errors," Am. Compl. ¶ 25, is not tied to any claim or theory. Without some basis for setting that decision aside, Williams has not stated a plausible claim that the FBI failed to comply with the administrative disposition. *Cf. Carver v. Holder*, 606 F.3d 690,

697 n.2 (9th Cir. 2010) (declining to address whether APA permits review of EEOC's compliance decision because plaintiff did not invoke it).

Defendant also argues that an "EEOC determination of non-compliance" is "a prerequisite" to a suit seeking to enforce a Commission order. MTD at 6 (quoting *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003)). The D.C. Circuit has not adopted that rule, and the court need not decide whether to do so here. *See Farrington v. Johnson*, 206 F. Supp. 3d 634, 641–42 (D.D.C. 2016). Whatever the answer for a complainant who sues without first seeking administrative enforcement, Williams did seek it, and the OFO ruled against him. Am. Compl. ¶¶ 20, 25.

Williams's remaining arguments do not change this conclusion. He contends that *Wilson v. Peña*, 79 F.3d 154 (D.C. Cir. 1996), controls. Opp'n at 2, 5. But in *Wilson*, the EEOC never completed its review: it remanded part of the employee's back pay dispute to the agency, which never finished the recalculation, and more than 180 days passed without final action on his petition for enforcement. 79 F.3d at 166. Here, by contrast, the OFO issued a final decision on Williams's petition. Am. Compl. ¶ 25. Nor does the absence of a final agency decision on compliance help him. Opp'n at 3–4, 6. When the FBI and the Complaint Adjudication Office could not agree on who should issue that decision, the OFO resolved Williams's objections on the record the FBI submitted. Am. Compl. ¶¶ 22–25.

**B. The court declines to construe the Amended Complaint as a de novo Title VII claim.**

In the alternative, Williams asks the court to construe his Amended Complaint as a de novo Title VII claim or to grant him leave to amend. Opp'n at 6–7. The court declines to recast the pleading. A de novo action places the agency's liability at issue,

and Williams would have to prove discrimination anew. *Scott*, 409 F.3d at 469–70. He has not included the necessary allegations to proceed with such a claim in his current Amended Complaint. Moreover, a plaintiff represented by counsel may not amend his complaint through an opposition to a motion to dismiss. *Bain v. Off. of Att'y Gen.*, 648 F. Supp. 3d 19, 43 (D.D.C. 2022). Because the court resolves this motion on the scope of Williams's enforcement claim, not the merits of his underlying discrimination claims, the dismissal is without prejudice.

## IV. CONCLUSION

For the reasons stated, the court will GRANT Defendant's motion to dismiss without prejudice. Plaintiff's request for leave to amend, made in his opposition brief, is DENIED without prejudice. A separate Order will follow.

Date: November 13, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge